IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Joel Rubenstein, | NO. C 11-06134 JW |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |
| v. | |
| SAP AG, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss.[1] On November 7, 2011, Plaintiff filed his Complaint in the Santa Clara County Superior Court. (See Docket Item No. 1-2.) On December 6, 2011, Defendants removed this case to federal court. (Docket Item No. 1.) On December 13, 2011, Defendants filed their Motion to Dismiss and noticed it for a hearing on February 6, 2012. (See Motion to Dismiss.) On January 17, 2012, the Court approved the parties' Stipulation to continue the hearing on the Motion to Dismiss until February 13, 2012, on the ground, *inter alia*, that Plaintiff was "currently proceeding in this matter *in pro per* and [was] currently in the process of retaining counsel." (Docket Item No. 19 at 2.) The same day, Plaintiff filed an Amended Complaint.[2] (Docket Item No. 21.)

---

[1] (Defendants' Notice of Motion, Motion, and Memorandum of Points and Authorities in Support of Motion to Dismiss, hereafter, "Motion to Dismiss," Docket Item No. 12.)

[2] The Amended Complaint was filed by counsel for Plaintiff, who filed a Notice of Entry of Appearance on January 17, 2012. (Docket Item No. 20.)

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course: (1) within twenty-one days after serving it; or (2) if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983). "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

Upon review, the Court finds good cause to accept Plaintiff's Amended Complaint. Although Plaintiff filed his Amended Complaint after the twenty-one day period established by Fed. R. Civ. P. 15(a), Plaintiff was proceeding *pro per* throughout that period. In light of the Ninth Circuit's guidance that leave to amend "shall be freely given when justice so requires," and that this policy shall be applied with "extreme liberality," the Court finds it appropriate to accept the Amended Complaint. Keniston, 717 F.2d at 1300; Eminence Capital, 316 F.3d at 1051.

Thus, in light of the Amended Complaint, Defendant's Motion to Dismiss the original Complaint is DENIED as moot.[3] The February 13, 2012 hearing on the Motion to Dismiss is VACATED.

Dated: February 1, 2012

JAMES WARE
United States District Chief Judge

---

[3] See, e.g., Lasher v. City of Santa Clara, No. 10-CV-04173-LHK, 2011 WL 1560662, at *2 (N.D. Cal. Apr. 25, 2011) (accepting plaintiffs' First Amended Complaint and denying as moot a defendant's motion to dismiss the original complaint, even though plaintiffs filed their First Amended Complaint beyond the twenty-one day deadline of Rule 15(a), because of the Rule's "guidance to freely give leave [to amend] when justice so requires").

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David L. Braverman dbraver@braverlaw.com
Jennifer Ann Lockhart jlockhart@morganlewis.com
Melinda S. Riechert mriechert@morganlewis.com

**Dated: February 1, 2012**                    **Richard W. Wieking, Clerk**

                                               **By:     /s/ JW Chambers
                                                    Susan Imbriani
                                                    Courtroom Deputy**